804 F.2d 1251
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Craig S. PRICE; Andrew Scott Netro, Appellants,
v.
BALTIMORE POLICE DEPARTMENT; Mayor and City Council of
Baltimore, Appellees,
and
Agent Carmine Baratta; Sergeant T. Bull; Major Daniel O.
Caulk; Frank J. Battaglia; Officer Don King;
Agent J. Skyrn; Agent Kenneth
Molenstra; Agent P. Dunn;
Other, as yet
unknown, Defendants.
 No. 86-6593.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 6, 1986.
Decided Nov. 12, 1986.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Alexander Harvey, II, District Judge. (CA-84-2674-H)
 Michael M. Berlin, for appellant.
 Millard S. Rubenstein, Assistant City Solicitor (Benjamin L. Brown, City Solicitor; William R. Phelan, Jr., Assistant City Solicitor, on brief), for appellees.
 D.Md.
 AFFIRMED.
 Before RUSSELL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The plaintiffs were arrested by police officers of the City of Baltimore (Maryland) for loitering on the sidewalk fronting on Wyman Park in that City in violation of the curfew regulation prohibiting anyone remaining in the Park during the curfew hours. At their trial for the offense, the plaintiffs disputed the City's contention that the sidewalk was within the boundaries of the Park's property. Considerable testimony in support of their position was adduced by the plaintiffs. This evidence established clearly that the sidewalk was not a part of Park property. The plaintiffs were, therefore, acquitted. Immediately after the court decision in this prosecution, the Police Department accepted the ruling of the court and discontinued any arrests under the curfew ordinance of persons congregating on the sidewalk adjoining the Park.
 
 
 2
 After their acquittal of the violation of the curfew regulation, the plaintiffs filed separate individual actions, which, by consent, were consolidated. In the consolidated action, the plaintiffs sued to enjoin the Mayor and City Council of Baltimore, the Baltimore Police Department, the Commissioner of Police, and certain Baltimore police officers, from arresting persons congregating after midnight in the street fronting on the Wyman Park in Baltimore (Maryland)[1], and to recover damages for their arrests for standing or loitering on such street after the midnight Park curfew under the Park ordinance or regulation.[2] The defendants were sued both officially and individually. After discovery in such action had been completed, the defendants moved for summary judgment. The district court heard such motion upon the depositions taken and the affidavits filed by the respective parties. Following full argument it granted the motion of the defendants for summary judgment and the plaintiffs appealed. We affirm.
 
 
 3
 The plaintiffs do not contest on this appeal the dismissal of their request for injunctive relief. It is conceded that the defendants discontinued any arrests for loitering on the street in front of the Park immediately after the court found that the street was not a part of the Park in the plaintiffs' prosecution. As the plaintiffs recognized and conceded, that fact made their request for injunctive relief moot. The plaintiffs, however, insist that the dismissal by the district court of their damage action under Section 1983 against the municipality and its Police Department was improper. We do not agree.
 
 
 4
 The district judge began his opinion dismissing plaintiffs' action for damages against the municipality and its Police Department by finding "that the Mayor of Baltimore and the Police Commission had no knowledge of any conflicts between persons congregating on the sidewalks adjacent to the Park and police officer or of any unconstitutional or harassing actions "undertaken by individual officers employed by the police department." He also found that "the evidence relied upon [by the plaintiffs] does not indicate that there was any policy, regulation, official decision or governmental custom which authorized the alleged unconstitutional conduct which forms the basis for these suits."
 
 
 5
 Despite this lack of personal knowledge or involvement of the defendants in the allegedly unconstitutional actions of individual police officers in arresting the plaintiffs, the plaintiffs argued as their basic claim that the extent of the unconstitutional arrests or harassments was such that knowledge of a custom or practice of illegal conduct by the police officers in arresting persons in similar circumstances as the plaintiffs should be imputed to the defendants and that, with such imputed knowledge the defendants had been guilty of inaction in permitting the police officers to continue their practice or custom of unconstitutional conduct.
 
 
 6
 But, as the district judge observed in his opinion in response to this argument, it is not possible to find, prior to plaintiffs' trial, either actual or imputed knowledge of illegal arrests by police officers around the Park on the part of the defendants, since in all times past until these plaintiffs were tried, persons arrested for congregating on the sidewalks around the Park had either conceded that the sidewalks were within the Park and covered by the Park curfew regulation, or if the persons charged raised the contention that such sidewalks were not a part of the Park, the local Superior Courts had consistently overruled the contention and ruled that the sidewalks were within the Park and subject to the curfew regulation. As the district court emphasized, it was only after these plaintiffs had established at trial, after extensive research of the records and plats, that the sidewalks were not within the boundaries of the Park that it could be said to have been known by the defendants or the police officers themselves that it was improper to arrest persons congregating on the sidewalks about the Park for a violation of the Park curfew regulation. Under those circumstances, the district judge concluded that "even if the Mayor and defendant Battaglia had known that police officers were following a practice of arresting homosexuals standing on such sidewalks for curfew violations (and the uncontradicted evidence is that there was no such knowledge on their part) their failure to take action would not have been a violation of Sec. 1983" since the defendants had no reason to assume or know that the arrests after the plaintiffs' trial, constituted a constitutional violation.
 
 
 7
 We perceive no error in the district judge's reasoning and accordingly affirm the grant of judgment in defendants' favor on the district judge's opinion.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 Park Rule No. 50 prohibits persons from remaining in any City park between 12:00 midnight and 6:00 a.m
 
 
 [2]
 As filed, the complaint named a number of municipal officials and police officers as individual defendants. A stipulation was executed by the parties dismissing the action against any named individuals individually. The only defendants remaining were apparently the Mayor and City Council in their official capacities and the Baltimore Police Department, though the opinion of the district court indicates that the defendant Bettaglia, a former Commissioner of Police, remained a defendant. However, plaintiffs in their brief in this Court state that their appeal is directed at the judgment granted in favor of the "Mayor and City Council of Baltimore and Baltimore Police Department."